Jerome A. Mirabito, Esq. Informal Opinion City Attorney No. 95-20 City of Fulton P. O. Box 477 Fulton, N Y 13069-0477
Dear Mr. Mirabito:
You have asked whether your city may maintain its seven-member zoning board of appeals, established by local law, under 1993 amendments to the General City Law, which authorize zoning boards of appeals to have either three or five members. We conclude that a local law establishing a board of appeals and defining its membership need not be consistent with General City Law § 81.
In Informal Opinion No. 90-31, we concluded that a city could by local law establish a seven-member board with staggered terms even though at that time the General City Law provided that, except in cities having a population of more than 1,000,000 people, a city could choose a five-member board with three-year terms or a board of five or six members with staggered terms.
In so concluding, we stated:
 Local governments are authorized to enact local laws, consistent with the Constitution and general State laws, in relation to their property, affairs or government and other delineated subjects (Municipal Home Rule Law, § 10[1][i]). A `general law' for purposes of this provision is `[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages' (id., § 2[5]). In that cities with a population of over 1,000,000 are excluded from coverage, under the home rule definition sections 81 and 81-a of the General City Law are not general laws. Thus, a local law establishing a board of appeals and defining its membership need not be consistent with sections 81 and 81-a of the General City Law.
 Further, we believe that the establishment and determination of the composition of the board of appeals is within the scope of home rule powers delegated to a city (1986 Op Atty Gen [Inf] 128). Cities are authorized to enact zoning regulations by local law; may enact local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein; and may enact local laws relating to the powers, duties, qualifications, number, mode of selection and removal, and terms of office of its officers and employees (ibid.).
You have asked whether this analysis applies given the 1993 amendments to the General City Law. The amendments authorize cities to establish boards of appeals of three or five members. The amendments also expressly state that the provisions "shall not apply to any city having a population in excess of one million except that any such city may by local law provide that this article or any section thereof may apply to such city". General City Law § 81-e. Thus, section 81 is not a general law and local laws need not be consistent with its provisions.
We conclude that the city may provide by local law for a seven-member zoning board of appeals.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General